NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000039
25-JAN-2019
07:52 AM

NO. CAAP-16-0000039

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GARY SHIBATA, Plaintiff-Appellee, v.
JANNETTE DICUS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1RC15-1-8394)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Leonard and Reifurth, JJ.)

Plaintiff-Appellee Gary Shibata, as landlord, entered into a rental agreement on a residential unit in Waianae, Hawai'i ("Unit") with Defendant-Appellant Jannette M. Dicus and Defendant-Appellee Ronald D. Wiley, Jr., as tenants.[1] The lease ran from May 2, 2013, for one year, and converted thereafter to a month-to-month tenancy.

On September 15, 2015, Shibata filed a Complaint against Dicus and Wiley in the District Court for the First Circuit, Wai'anae Division ("District Court"),[2] claiming that Dicus and Wiley had broken the rental agreement by failing to pay rent. On October 6, 2015, trial was held to address possession of the Unit. On October 8, 2015, the Judgment for Possession and Writ of Possession in favor of Shibata were entered. On December 22, 2015, trial was held to address damages. On

---

[1] The rental agreement was subject to Shibata receiving approval by the City and County of Honolulu under the Section 8 Housing Assistance Payment Program ("Section 8 Program").

[2] The Honorable Gerald H. Kibe presided.

January 27, 2016, the District Court entered a corresponding Judgment and awarded Shibata a total of $4,814.72 in damages.

Dicus appeals from the October 8, 2015 Judgment of Possession and the January 27, 2016 Judgment.

We construe Dicus to allege that the District Court erred (1) in granting summary possession in favor of Shibata because he improperly initiated the Complaint in retaliation for Dicus threatening to request a Section 8 Program special investigation,[3] and (2) in determining the amount of damages owed by Dicus and Wiley because Shibata's claim to have raised the rent was ineffective because the parties had a fixed rental agreement and the defendants were current with their rent.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm.

(1) Dicus argues that the District Court erred in finding that Shibata met his burden of proof for breach of lease because Shibata did not address Dicus's argument that the eviction was in retaliation of the June 3, 2014 Letter. Dicus's argument is without merit as it was not raised below and does not affect her actions in failing to pay rent.

---

[3] In a handwritten letter dated June 3, 2014, addressed to Shibata ("June 3, 2014 Letter"), Dicus said:

> Dear Gary,
>
> I am writing you this to let you know (1) that my oven does not work. It won't go off of the self-clean. (2) The refrigerator has a crack in it on the inside. (3) I am requesting for a special inspection on the house here. I waited 2 years for that storage room to be cleared out, so that I can use it, and I hear you are going to move people in there. You said nothing about that to me. You told me I could have it as soon as it's empty. The people you plan to move in there are drug dealers. Do I have to share my shower[,] toilet, what[?] There is no running water there. The inspector will bring the blue prints for this house. If you can not receive rent from 2 separate family [sic] for this house, you will be fined. I do believe this is a one family dwelling house. I do not want to argue with you. You do what you must do, and I am letting you know what I have to do to make sure that I don't get the short end of the stick.
>
> Thank-you,
> Jannette Dicus

Retaliatory evictions and retaliatory rent increases are prohibited by the Residential Landlord-Tenant Code under Hawaii Revised Statutes ("HRS") section 521-74(a).[4] *Ryan v. Herzog*, 142 Hawai'i 278, 284, 418 P.3d 619, 625 (2018) (citing Haw. Rev. Stat. § 521-74(a)). In summary possession actions, retaliatory eviction can be both a counterclaim and an affirmative defense. *Id.* at 286, 418 P.3d at 627 (citing *Cedillos v. Masumoto*, 136 Hawai'i 430, 363 P.3d 278 (2015); *Windward Partners v. Delos Santos*, 59 Haw. 104, 116, 577 P.2d 326, 333 (1978)).

Here, Dicus failed to assert retaliatory eviction as a counterclaim or an affirmative defense in the proceedings below; offer any connection between the June 3, 2014 Letter and Shibata's Complaint, filed more than fifteen months later; or explain how Shibata raising the rent in alleged retaliation excused her from paying the rent in its entirety—thereby forming the root of the summary possession action. Dicus, therefore, waived any argument for retaliatory eviction. *Asato v.*

---

[4] The statute provides:

> Notwithstanding that the tenant has no written rental agreement or that it has expired, *so long as the tenant continues to tender the usual rent to the landlord or proceeds to tender receipts for rent lawfully withheld*, no action or proceeding to recover possession of the dwelling unit may be maintained against the tenant, nor shall the landlord otherwise cause the tenant to quit the dwelling unit involuntarily, nor demand an increase in rent from the tenant; nor decrease the services to which the tenant has been entitled, after:
>
> (1) The tenant has complained in good faith to the department of health, landlord, building department, office of consumer protection, or any other governmental agency concerned with landlord-tenant disputes of conditions in or affecting the tenant's dwelling unit which constitutes a violation of a health law or regulation or of any provision of this chapter; or
>
> (2) The department of health or other governmental agency has filed a notice or complaint of a violation of a health law or regulation or any provision of this chapter; or
>
> (3) The tenant has in good faith requested repairs under section 521-63 or 521-64.

Haw. Rev. Stat. § 521-74(a) (emphasis added) (2006).

3

*Procurement Policy Bd.*, 132 Hawai'i 333, 354 n.22, 322 P.3d 228, 249 n.22 (2014) (citing *State v. Moses*, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal [.]")). Additionally, the record reflects that the District Court conducted a thorough inquiry into the rent owed by Dicus, and any issue of retaliation, which was not raised below, would not have had any impact on that inquiry.[5]

Accordingly, the District Court's conclusion that Dicus and Wiley breached a substantial term of the Rental Agreement by not paying rent was not wrong. *See Ryan*, 142 Hawai'i at 284, 418 P.3d at 625 (citing Haw. Rev. Stat. § 521-74(a)) (requiring that the tenant continue to pay rent in addition to any one of three triggering events under HRS section 521-74(a)(1)-(3) to be entitled to a claim for retaliatory eviction); *see also* Haw. Rev. Stat. § 521-68 (establishing that "[a] landlord or the landlord's agent may, any time after rent is due, demand payment thereof and notify the tenant in writing that unless payment is made within a time mentioned in the notice, not less than five business days after receipt thereof, the rental agreement will be terminated" and that "[i]f the tenant remains in default, the landlord may thereafter bring a summary proceeding for possession of the dwelling unit or any other proper proceeding, action, or suit for possession").

(2) Dicus next argues that the District Court erred in determining the amount of damages owed because the amount of rent required under the Rental Agreement was dependent upon the condition precedent of Albert Brown moving into the Unit,[6] which

---

[5]     The record demonstrates that a Rental Agreement existed between Shibata and Dicus; that the fixed term expiration date was May 31, 2014; that thereafter the lease automatically converted to a month-to-month lease; that the Section 8 Program sent a Notice of Rent Adjustment to Dicus, notifying her of the rent increase and explicitly stating that she had fifteen calendar days to request an informal review if she did not agree with the increase; that there is no evidence of Dicus requesting an informal review of the Notice of Rent Adjustment; that Dicus failed to pay the required rent; that Shibata sent Dicus the requisite five-day notice to pay the owed-rent in a notification of non-Payment letter; and that Dicus still failed to tender payment of rent.

[6]     On January 2, 2015, Shibata sent a letter in which he said that he was granting a request from Dicus to add another tenant, Albert Brown.
(continued...)

was never fulfilled, and because Shibata's records failed to show all of Dicus's payments. Dicus's latter argument is without merit as the record reflects that the District Court conducted a thorough inquiry into all of Dicus's alleged payments.[7] We therefore proceed to Dicus's remaining claim.

Section 8 Program rental agreements, like the Rental Agreement, are subject to principles of contract interpretation and control the terms and conditions of the lease. *See Pink v. Castro*, No. 30376, 2013 WL 3863106, at *1 (Haw. Ct. App. July 26, 2013) (citing 24 Code of Federal Regulations, §§ 982.308, 983.305, 982.451; Haw. Admin. R. § 15-185-43; Rules and Regulations of the Section 8 Housing Assistance Programs City and County of Honolulu §§ 1-15, 1-16, available at http://www1.honolulu.gov/dcs/attachmentaadminrule12008mergedfinal forannualplan.pdf (last visited July 10, 2013)). "A condition precedent is 'an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under the contract becomes due.'" *Peck v. Nakkim*, No. 29480, 2013 WL 6762359, at *6 (Haw. Ct. App. Dec. 20, 2013) (citing *Brown v. KFC Nat'l Mgmt. Co.*, 82 Hawai'i 226, 246, 921 P.2d 146, 166 (1996).

Here, the only condition precedent to raising the rent under the Rental Agreement was a 45-day written notice.[8] This requirement was in accord with HRS section 521-21, which provides the guidelines for raising rent for month-to-month tenants, like

---

[6] (...continued)
Shibata's letter stated that the addition of the new tenant would raise the rent to $1,800 per month, effective March 2, 2015. In a letter dated January 27, 2015, the Section 8 Program notified Dicus that Brown could not be added to her household because it had not received Brown's birth certificate, social security card, and driver's license. The letter additionally stated that Dicus could still pursue the request if she would turn in the required verifications by February 6, 2015.

[7] The record reflects that the District Court went through all of Dicus's claims regarding each time she allegedly paid rent and found that Shibata's records reflected Dicus's claimed-payments, crediting those towards the rent owed, and accounted for amounts of rent allegedly owed by Dicus that Shibata could not provide verification for.

[8] Subsection M of the Standard Terms of the Rental Agreement established that if the tenant is "on a Month-to-Month Rental Agreement, [landlord] must give [the tenant] written notice forty-five (45) days prior to any rent increase; [the tenant] must pay the increased rent or give a twenty-eight (28) day written notice to terminate."

Dicus.[9/] Shibata fulfilled this requirement prior to raising the rent when he sent Dicus written notification on January 2, 2015, that rent would be increased effective March 2, 2015. Accordingly, from the plain terms of the Rental Agreement, Dicus was obligated to pay the rent increase notwithstanding the fact that Brown never moved into the Unit, which she failed to properly contest in the first place and while Section 8 continued to pay its portion of the increased rent. *See Hawaiian Ass'n of Seventh-Day Adventists v. Wong*, 130 Hawai'i 36, 45, 305 P.3d 452, 461 (2013) (citing *Cho Mark Oriental Food v. K & K Intern.*, 73 Haw. 509, 520, 836 P.2d 1057, 1064 (1992) ("Contract terms are interpreted according to their plain, ordinary, and accepted sense in common speech."); Haw. Rev. Stat. § 521-21(d). The District Court, thus, did not err in determining the amount of damages owed by Dicus.

Therefore, IT IS HEREBY ORDERED that the October 8, 2015 Judgment for Possession and January 27, 2016 Judgment entered in the District Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, January 25, 2019.

On the briefs:

Jamila Jarmon
(Appellate Pro Bono Project)
for Defendant-Appellant.

Presiding Judge

Associate Judge

Associate Judge

---

[9/]     HRS section 521-21 (2006) provides, in pertinent part, that "[w]hen the tenancy is from month to month, the amount of rent for such tenancy shall not be increased by the landlord without written notice given forty-five consecutive days prior to the effective date of the increase." Haw. Rev. Stat. § 521-21(d).